**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                               **Case No. 8:25-cr-327-WFJ-AAS**

**JORGE LUIS HERNANDEZ VILLAZON**
_____/

## ORDER

The government moved the court to inquire whether defense counsel Silvia Pinera-Vazquez has an unwaivable actual conflict or a potential conflict in continuing to represent Defendant Jorge Luis Hernandez Villazon. (Doc. 47). Mr. Hernandez opposes the motion and opposes the removal of Ms. Pinera-Zazquez. (Doc. 57). For the reasons addressed below, the court concludes the circumstances surrounding this conflict issue do not present an unwaivable conflict and should not deprive Mr. Hernandez of his Sixth Amendment right to have Ms. Pinera-Vazquez continue as retained counsel of his choice.

### I.    Background

The grounds[1] the government cites in the motion for removing Mr.

---

[1] The government's motion presents these as two grounds, but the court has separated one of the government's grounds into a third ground.

1

Hernandez's retained counsel are: (1) that the government intends to seek authorization to serve Ms. Pinera-Vazquez with a subpoena to testify in this case and "considers her a subject within the scope of its investigation" because Ms. Pinera-Vazquez met with two of the anticipated trial witnesses; (2) Ms. Pinera-Vazquez represents a material witness who is awaiting extradition to the District of Puerto Rico from Colombia; and (3) the government's anticipated testimony and evidence at trial will involve references to Ms. Pinera-Vazquez. (Doc. 47, pp. 1–2). The government's motion's analysis section (*Id.* at pp. 8–14), however, focuses on Ms. Pinera-Vazquez's potential conflict as a potential witness in the case and says nothing more (other than vague statements) about how the government "considers her a subject within the scope of its investigation."

Mr. Hernandez's written response to the motion (Doc. 57) emphasizes the conjecture and lack of specificity in the government's motion. Mr. Hernandez further counters that the government has not proffered any unique, necessary testimony that only Ms. Pinera-Vazquez can be called as a witness to provide. Instead, the government's own motion outlines that her testimony would be about conversations, and so the government's alleged cooperating defendants and the "individuals" referenced in the government's motion could testify.

2

On October 28, 2025, the court began to conduct a hearing under Rule 44(c), Fed. R. Crim. P. and *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975). (Doc. 58). At that hearing, the government explained it was requesting that the court determine an actual and unwaivable conflict exists or if the court does not determine an actual and unwaivable conflict exists, then to determine whether Mr. Hernandez waives any potential conflict. Also, during the October 28 hearing, the government advised the court of the ongoing discovery review by a filter team in the United States Attorney's Office. Because the status of that filter team review was unclear, the court paused the *Garcia* hearing to allow the government time to provide an update.

On November 13, 2025, the court held a status conference to address the status of the filter team's review of discovery. (Doc. 62). At the conclusion of that hearing, the court set a deadline of November 24, 2025 to produce non-privileged documents and update the court and defense counsel as to the status of discovery. (*Id.*). The court also scheduled the *Garcia* hearing for December 16, 2025, and advised that it would be a public hearing unless a motion to seal was filed. (*Id.*).

On December 16, 2025, the court held the *Garcia* hearing, which was a public hearing. Prior to the hearing, the government filed a sealed motion to supplement its motion under seal. (Doc. 65). That request was denied (Doc.

3

67), and the supplement was filed on the public docket. (Doc. 65).

At the December 16 hearing, the government proffered information to support its argument that there was a potential conflict of interest and also an actual conflict of interest. Ms. Pinera-Vazquez proffered information to refute that there was an actual conflict and made a record of what safeguards had been established (i.e., representation of one of her clients by another attorney and potential cross-examination (if even necessary) by a third attorney) to the extent there was a potential conflict of interest. The court questioned Mr. Hernandez Villazon about what both sides proffered, his understanding of the circumstances concerning a conflict of interest, whether he was aware of his right to the effective assistance of counsel free of any actual or potential conflict, his right to consult another attorney, and whether he wished to waive his right to conflict-free representation and continue to be represented by Ms. Pinera-Vazquez (his retained counsel who represented him since 2018).

## II.    Sixth Amendment Right to Counsel

The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The Supreme Court has long recognized that "an essential part of [this] right is the accused's ability to

select the counsel of his choice."[2] *United States v. Ross*, 33 F.3d 1507, 1522 (11th Cir. 1994) (citing *Powell v. Alabama*, 287 U.S. 45, 53 (1932)). As a result, a criminal defendant has a presumptive right to his preferred attorney, *Wheat v. United States*, 486 U.S. 153, 164 (1988), and the erroneous deprivation of that right constitutes *per se* reversible error, *Gonzalez-Lopez*, 548 U.S. at 150-52; *see also Flanagan v. United States*, 465 U.S. 259, 267-68 (1984).

Although a defendant presumptively has the right to the attorney of his choice, that right is "not absolute." *Ross*, 33 F.3d at 1523. Instead, it is limited by, among other things, a defendant's "correlative right" to be represented by conflict-free counsel. *Wood v. Georgia*, 450 U.S. 261, 271-72 (1981) (citations omitted). This is because "the essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat*, 486 U.S. at 159 (citations omitted). Accordingly, "[i]n determining whether or not to disqualify defense counsel, the court must balance two Sixth Amendment rights: (1) the [defendant's] right to be represented by [his] counsel of choice and (2) the [defendant's]

---

[2] "[T]he right to counsel of choice[, however,] does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S.

right to a defense conducted by an attorney who is free of conflicts of interest." *Ross*, 33 F.3d at 1523 (citing *Wheat*, 486 U.S. at 160).

Under this analysis, a defendant's presumptive entitlement to his chosen attorney may be overcome where there is a "demonstration of [an] actual conflict" or by "a showing of a serious potential for conflict." *Wheat*, 486 U.S. at 164; *see also United States v. Culp*, 934 F. Supp. 394, 399 (M.D. Fla. 1996) (citing *Wheat*, 486 U.S. at 164; *Ross*, 33 F.3d at 1523).

Although defense counsel "may be disqualified when an actual or even a potential conflict of interest exists [, a] defendant may waive this conflict of interest and elect to have the attorney continue representation, so long as that waiver is knowing, intelligent, and voluntary." *United States v. Garcia*, 447 F.3d 1327, 1337 (11th Cir. 2006) (citations and quotations omitted); *see also Ross*, 33 F.3d at 1524. To be valid, a waiver must be "established by clear, unequivocal, and unambiguous language." *United States v. Aletto*, 645 F. App'x 894, 899 (11th Cir. 2016) (per curiam) (quoting *Garcia*, 517 F.2d at 276-78). "A determination that [a] defendant[ has] waived the right to conflict-free counsel disposes of the need to evaluate the actual or potential ineffectiveness of counsel caused by the alleged conflicts of interest." *United*

140, 151 (2006).

6

*States v. Rodriguez*, 982 F.2d 474, 477 (11th Cir. 1993) (per curiam) (citing *Garcia*, 517 F.2d at 277).

Even if such a waiver is made on the record, however, a court is not required to accept it. *See Gonzalez-Lopez*, 548 U.S. at 151-52 ("[A] defendant may not demand that a court honor his waiver of conflict-free representation.") (citation omitted); *Wheat*, 486 U.S. at 162 ("[W]here a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver . . ."); *Ross*, 33 F.3d at 1524 (same) (citing *Wheat*). This is because "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat*, 486 U.S. at 160. Ultimately, a trial court is given wide latitude in deciding conflict matters but must be careful not to erroneously deprive a defendant of the counsel of his choice. *Gonzalez-Lopez*, 548 U.S. at 150-52.

### III.   *Garcia* Hearing

The court conducted the required inquiry of Mr. Hernandez in the presence of Ms. Pinera-Vazquez and Assistant United States Attorney Dan Baeza. The court advised Mr. Hernandez of his right to effective assistance of counsel, including conflict-free counsel, and his right to appointed counsel if he is indigent. The court also advised Mr. Hernandez of his right to consult

7

another attorney and to have counsel appointed to assist him with the attorney conflict-related issues. Mr. Hernandez did not wish to consult another attorney.

The court posed several hypothetical situations to Mr. Hernandez to illustrate how a conflict could render Ms. Pinera-Vazquez unable to represent him effectively. The government also shared its concerns about potential conflicts of interest that Ms. Pinera-Vazquez may have. Also, it addressed the government's position that an actual conflict exists due to the representation in the District of Puerto Rico of a witness in Mr. Hernandez's case.

Notwithstanding the government's representations and the court's cautionary remarks, Mr. Hernandez expressed his clear and unequivocal desire to waive his right to conflict-free representation and to continue to be represented by Ms. Pinera-Vazquez, an attorney whom he retained and with whom he has had an attorney-client relationship since 2018.

Based on the information available, the court concludes the government's proffered conflicts do not present an unwaivable actual conflict, and the potential for conflicts remains speculative at this point – especially considering the safeguards put in place because one witness represented by Ms. Pinera-Vazquez now has separate counsel in case he testifies in Mr. Hernandez's case. Further, the court concludes Mr. Hernandez's waiver is

8

made knowingly, intelligently, and voluntarily, and accepts his waiver.

## IV.    Conclusion

Accordingly, it is ORDERED:

(1)    The government's Motion and Memorandum of Law for Conflict of Interest Inquiry (Doc. 47) is **GRANTED**;

(2)    The court concludes the proffered conflicts do not present an unwaivable actual conflict, and the potential for conflicts remains speculative. After a thorough *Garcia* hearing, the court accepts the knowing, intelligent, and voluntary conflict of interest waiver by Defendant Jorge Luis Hernandez Villazon; and

(3)    Silvia Pinera-Vazquez, Esq., may continue to represent Defendant Jorge Luis Hernandez Villazon.

ORDERED at Tampa, Florida, on January 30, 2026.

Amanda Arnold Sansone
_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

9