UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:25-cr-327-WFJ-AAS

JORGE LUIS HERNANDEZ VILLAZON

## RESPONSE TO MOTION FOR BILL OF PARTICULARS

Hernandez Villazon's motion, Doc. 75, should be denied because the information requested is not one of the narrow circumstances where a defendant may be entitled to a bill of particulars.

## BACKGROUND

**A. Procedural History and Allegations Against Hernandez Villazon**

The defendant is charged in a two-count Superseding Indictment alleging a conspiracy to commit wire fraud and a conspiracy to commit money laundering.

He was arrested on June 18, 2025, pursuant to a criminal complaint and indicted on July 1, 2025.

Discovery production is ongoing because of the substantial volume of records flagged for potential attorney-client privilege and attorney work-product. Produced discovery includes recorded calls, a recorded jailhouse meeting, text messages, cellphone evidence, and financial records. There are also cooperating witnesses in support of the charged offenses.

The superseding indictment alleges a multi-year conspiracy to secure payments from high-level drug traffickers with the promise of very short sentences while providing little to nothing in return. Proceeds of drug trafficking were collected in Colombia, transacted through third-parties, and remitted to the United States for the defendant's enrichment. Cellphone communications between the defendant and family members of traffickers corroborate the payments he demanded from them and, on at least one occasion, the sentence that a trafficker was going to get.

### B. Hernandez Villazon's Bill of Particulars

About nine months after his indictment, ten months after his arrest, and without seeking leave of court, Hernandez Villazon filed a motion for a bill of particulars. It is unclear the specific information requested, but can be construed as requests to:

> (1) Identify the specific wires that the United States contends were part of the alleged conspiracy; and
>
> (2) Disclose the particular acts or statements of Hernandez Villazon that the United States will rely upon to prove acts in furtherance of the fraud scheme.

As to both construed requests, the United States has produced applicable Rule 16 discovery. A filter review of potential privileged communications is ongoing, with the filter team advising that a tranche of documents from that review will be soon be made available to the prosecution team. In addition, the filter team produced to defense counsel communications in late-2025 between Hernandez Villazon and a

2

cooperating defendant in their entirety. To date, the prosecution team has not been privy to those communications. Other discovery, such as materials covered under 18 U.S.C. § 3500 are not yet subject to disclosure. However, there were proffers of information from some of the cooperating defendants in the prior motion for conflict inquiry. Doc. 47.

<u>ANALYSIS</u>

Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to move for a bill of particulars to identify with sufficient particularity the nature of the charges pending against him to prepare for trial, prevent surprise, and interpose a plea of double jeopardy if merited. Fed. R. Crim. 7(f); *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985). A defendant "may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is to do no more than supplement the indictment "by providing the defendant with information *necessary* for trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (emphasis in original); *see also United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1974)[1] (the bill of particulars is to inform the defendant of the charges, not prompt a detailed disclosure of the government's evidence prior to trial).

---

[1]     The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

The caselaw is replete with instances of defendants presenting broad discovery requests in the guise of a bill of particulars, and the current motion is no different. All three recognized bases for a bill of particulars are inapplicable here. The nature of the charge against Hernandez Villazon is already alleged with sufficient particularity. "To pass constitutional muster, an indictment must be sufficiently specific to inform the defendant of the charge against him…." *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983). "Those requirements are satisfied by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime." *Id*. (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)); *accord* Doc. 51 at 7-8 (citing *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985)). Hernandez Villazon does not, and cannot, identify an actual defect in the superseding indictment based on Eleventh Circuit precedent to merit a bill of particulars because there is none. To circumvent this fatal defect, Hernandez Villazon asserts that the indictment fails to plead the essential elements of wire fraud, yet he relies on a case that is no longer the law of the Eleventh Circuit. *See* Doc. 73 at 8-12 (discussing *United States v. Takhalov*, a case the Supreme Court expressly abrogated in May 2025).

The Superseding Indictment pleads the essential elements of the crime and identifies the statutes alleged to have been violated. Counts One and Two, consistent with the language of the statute, impose no further requirements under Rule 7(f) and the Court should impose no such requirement here.

4

Hernandez Villazon also cannot articulate a cognizable claim of unfair surprise or prejudice, nor can he use Rule 7(f) as a substitute for the normal discovery process. *Anderson* is instructive here. There, the Eleventh Circuit gave a broad denunciation of the use of bills of particulars as a discovery tool, describing it as a frustration of the federal discovery rule. *Anderson*, 700 F.2d at 1442. In so doing, it identified requests for government witnesses or unindicted coconspirators as a method to bypass the "restriction on discovery by asking for and receiving a 'bill of particulars' pursuant to [Rule] 7(f)…." *Id.* A list of such coconspirators is a discovery request, subject to the disclosure requirements of Rule 16.

Regardless, Hernandez Villazon already has much of the information sought in his motion. The idea that counsel is unaware of cooperator identities or what was represented to them does not pass nominal scrutiny—indeed, she met with two of them and (still) represents another.[2] A need to identify specific wires also strains credulity. He has an abundance of WhatsApp chats in discovery between him and people in Colombia who helped pay hundreds of thousands of dollars based on his assurances of low sentences. Hernandez Villazon left Colombia decades ago and secured Convention Against Torture protection against returning there. In other words, he has in his possession WhatsApp chats comprising thousands of wire transmissions that traveled in foreign commerce. The same is true for his bank accounts. Hernandez Villazon profited from his alleged deceptions to traffickers and

---

[2] According to one cooperator, defense counsel knows one of the defendant's promises of a low sentence quite well because she heard the defendant say it and told him to stop.

their families. He used coconspirators in Colombia to collect money, vehicles, and real property. Third-parties in Colombia then transferred money to Hernandez Villazon in the United States—in short, wire transmissions that traveled in interstate or foreign commerce.

"[A] defendant is not entitled to a bill of particulars 'with respect to information which is already available through other sources.'" *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990) (quoting *United States v. Rosenthal*, 703 F.2d 1214, 1227 (11th Cir. 1986)). A bill of particulars should be denied when the information was "provided by other sources, such as the indictment and discovery[,]" because "it is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Roberts*, 174 F. App'x 475, 478 (11th Cir. 2006). And those are the precise requests in Hernandez Villazon's motion: exposition of the evidence and the legal theories to be relied upon.

The last justification of a bill of particulars, to interpose a plea of double jeopardy, is inapplicable and Hernandez Villazon's motion does not allude to its necessity here. Because he fails to meet the high standard for the three narrow criteria of Rule 7(f), the motion should be denied.

## CONCLUSION

Based on the foregoing, the motion should be denied.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney


By:   /s/ *Daniel Baeza*
DANIEL BAEZA
Assistant United States Attorney
USAO No. 164
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: Daniel.Baeza@usdoj.gov

**U.S. v. Hernandez Villazon**          **Case No. 8:25-cr-327-WFJ-AAS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Defense Counsel of Record

/s/ *Daniel Baeza*
DANIEL BAEZA
Assistant United States Attorney
USAO No. 164
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: Daniel.Baeza@usdoj.gov

8