UNITED STATES DISTRICT COURT
MIDDLE  DISTRICT OF FLORIDA

CASE NO. 25-cr-00327-WFJ

UNITED STATES OF AMERICA

v.

JORGE LUIS HERNANDEZ VILLAZON,

　　Defendant.
_____/

### HERNANDEZ'S  SUPPLEMENTAL  NOTICE OF PUBLIC AUTHORITY DEFENSE AND GOVERNMENT ADMISSIONS

Defendant, Jorge Hernandez Villazon, through undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 12.3, files this Supplemental Notice of Public Authority Defense (ECF No. 76)  to bring to the Court's attention formal representations made by the United States in a separate federal proceeding that directly bear on the defenses previously noticed in this case.[1]

This submission does not expand the scope of the defenses already asserted. It provides the Court with the government's own description of Mr. Hernandez's conduct during the same time period at issue in the Indictment.  *See* Government Sentencing Submission attached hereto Exhibit "A."

#### A.　　The Government's Own Representations Regarding Mr. Hernandez's Conduct

In a previously sealed sentencing submission filed by the United States

---

[1] In addition, the defense submits this Supplemental Notice to assist the Filter Team in its review of attorney-client and work product privileged materials, along with sensitive law enforcement materials obtained from Mr. Hernandez. *See* ECF No. 99

Attorney's Office for the Southern District of New York in *United States v. Hernandez*, 21 Cr. 11 (JPO), the government described Mr. Hernandez's role and activities while acting as a cooperating source.[2] In that redacted submission, the government represented to a District Court that Mr. Hernandez agreed to assist federal authorities and thereafter acted at the direction of law enforcement during the time frame charged in this case.

Further, the government explained that Mr. Hernandez engaged in proactive investigative activity, including recorded meetings and interactions with targets, undertaken in coordination with federal agents, and that he maintained continuous contact with the Federal Bureau of Investigation (FBI) while performing those activities.[3] The government also represented that his efforts were relied upon to develop evidence, advance investigations, and support the prosecution of others.

Critically, the submission specifies that Mr. Hernandez worked with FBI agents in Puerto Rico "to collect intelligence regarding maritime shipments of narcotics departing Guajira, Colombia for the Greater Caribbean. This included recruiting other confidential informants for the FBI." *See* Exhibit A at 6. These formal representations describe the very type of conduct in the Superseding Indictment now characterizes as criminal. *Id* at 7 ("maintained a network of people in Colombia known as "sub-sources"

---

[2]/ Pursuant to press requests, the case in the Southern District of New York, along with certain submissions, was unsealed on August 8, 2025.

[3]/ While Mr. Hernandez was officially signed up with the FBI in the SDNY, he was authorized to work FBI and other federal law enforcement agencies in other jurisdictions.

who provided him information about drug smuggling"). These are government admissions describing how Mr. Hernandez operated during the same period that forms the basis of the charge in this case.

The government cannot have it both ways. It cannot describe conduct as directed, supervised, and relied upon when seeking a sentencing benefit in one court, and then recharacterize that same conduct as criminal fraud in another. That is a direct contradiction.

B.    Relevance to Defenses Previously Noticed

As set forth in the Notice of Public Authority Defense (ECF No. 76), Mr. Hernandez will establish that his conduct was undertaken in reasonable reliance on authority granted or knowingly permitted by federal officials. The government's own representations reinforce that conclusion. Conduct performed at the direction of law enforcement, in continuous coordination with federal agents, and relied upon by the United States in criminal investigations is not indicative of independent criminal intent. It is indicative of government-directed activity.

This contradiction is not merely evidentiary. It raises fundamental due process concerns. Where the government directs conduct, supervises it, benefits from it, and affirms its value in one proceeding, it cannot later prosecute that same conduct as criminal without violating basic principles of fairness. The Constitution does not permit the government to transform authorized conduct into a federal crime after the fact.

The government's prior representations to a federal court  in the Southern

District of New York also reinforce the defenses previously noticed. They demonstrate affirmative governmental involvement, support the reasonableness of Mr. Hernandez's reliance, and establish that federal authorities were fully aware of the nature of his activities. They further support the defense of entrapment by estoppel, as the government's conduct and representations conveyed that such activity was authorized and lawful.

During that same period, Mr. Hernandez was working with criminal defense teams representing individuals facing federal prosecution. That work did not occur in isolation. Federal authorities were aware of it, monitored his financial activity, and had contemporaneous visibility into the nature and structure of his role. Despite that knowledge, the government continued to direct, coordinate with, and rely upon Mr. Hernandez as a cooperating source. No agent or prosecutor instructed him to cease such activity or suggested that it was unauthorized. The government cannot now isolate one aspect of that known conduct, recast it as criminal, and disregard the context in which it was undertaken.

The issue before the Court is not whether Mr. Hernandez's conduct can be described in different ways. The issue is whether the government may direct and rely upon that conduct, represent it to another court as legitimate cooperation, and then prosecute it as fraud. That is a due process problem the government has not confronted and cannot resolve by recharacterization.

Indeed, it is particularly troubling that the Middle District of Florida pursued this prosecution without coordination with the Southern District of New York, the very

office that directed and benefited from Mr. Hernandez's cooperation during the relevant period. The failure to consult the office with direct knowledge of the scope and nature of that cooperation underscores the fundamental fairness concerns presented here.

## Conclusion

Mr. Hernandez respectfully submits this Supplemental Notice to ensure that the Court is aware of the government's prior representations and the direct conflict between those representations and the theory advanced in this case. Those admissions go to the core of the defenses already noticed and to the fundamental validity of this prosecution

Respectfully submitted,

**PIÑERA-VAZQUEZ LAW FIRM**
901 Ponce De Leon Blvd
Suite 400
Coral Gables, Fl. 33134
Tel:  (305) 443-0629
Fax: (305) 377-3030

  /s/ Silvia B. Piñera-Vazquez
Silvia B. Piñera-Vazquez
sbp@pineravazquezlaw.com

## Local Rule 3.01(g) Certification

Undersigned counsel previously conferred with AUSA Dan Baeza who conveyed that the government opposed the Notice of Public Authority Defense.

## <u>CERTIFICATE OF SERVICE</u>

I **HEREBY CERTIFY** that on April 29, 2026, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.

　　　　　　　　　　　　　　　　　　/s/ Silvia B. Piñera-Vazquez
　　　　　　　　　　　　　　　　Silvia B. Piñera-Vazquez, Esq.