**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v. **CASE NO. 8:25-cr-327-WFJ-AAS**

**JORGE LUIS HERNANDEZ VILLAZON**
_________________________________/

# ORDER

Jorge Luis Hernandez Villazon moves for a bill of particulars. (Doc. 75). The United States of America opposes the motion. (Doc. 92).

## I. BACKGROUND

Hernandez Villazon was arrested on June 18, 2025, pursuant to a criminal complaint and indicted on July 1, 2025. The United States returned a superseding indictment (Doc. 78) after Hernandez Villazon filed the motion for bill of particulars, but before the United States responded to the motion. Hernandez Villazon is charged in the two-count superseding indictment with conspiracy to commit wire fraud and conspiracy to commit money laundering. The superseding indictment alleges a multi-year conspiracy to secure payments from high-level drug traffickers with the promise of short sentences in return. Proceeds of drug trafficking were allegedly collected in Colombia, transacted through third parties, and remitted to the United States.

Hernandez Villazon now moves for a bill of particulars, requesting that

the United States identify the specific wires it contends were part of the alleged conspiracy and disclose the acts or statements it will rely on to prove Hernandez Villazon's acts in furtherance of the fraud scheme. According to the United States, it has produced the applicable Rule 16 discovery. A filter review of potential privileged communications is ongoing, and the filter team advises that documents from the review will soon be made available. In addition, the filter team produced, in their entirety, communications between Hernandez Villazon and a cooperating defendant in late 2025.

## II. ANALYSIS

The Federal Rules of Criminal Procedure provide that the court "may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985).

A defendant is not entitled to a bill of particulars as a matter of right. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927). A bill of particulars may not be used to obtain a detailed explanation of the government's case or anticipated evidence in advance of trial. *See United States v. Roberts*, 174 F. App'x 475, 477 (11th Cir. 2006). Moreover, a bill of particulars is unnecessary if the

information is available through another form, such as discovery. *See United States v. Blanchard*, 542 F.3d 1133, 1140–41 (7th Cir. 2008).

Both the original indictment and now the superseding indictment track the statutory language and adequately informs Hernandez Villazon. Counts One and Two of the superseding indictment are consistent with the language of the statute, and there are no further requirements imposed under Rule 7(f).

Hernandez Villazon also cannot articulate a cognizable claim of unfair surprise or prejudice, nor can he use Rule 7(f) as a substitute for the normal discovery process. Hernandez Villazon already has much of the information sought in his motion. Hernandez Villazon's claim that he is unaware of cooperator identities or what was represented to them on specific wires lacks merit. Indeed, Hernandez Villazon is in possession of WhatsApp chats with people who allegedly paid hundreds of thousands of dollars based on Hernandez Villazon's assurances of low sentences.[1] Hernandez Villazon also allegedly used coconspirators in Colombia to collect money, vehicles, and real property. Third parties in Colombia then transferred money to Hernandez Villazon in the United States—in short, the alleged wire transmissions at issue that traveled in interstate or foreign commerce.

---

[1] "[A] defendant is not entitled to a bill of particulars 'with respect to information which is already available through other sources.'" *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990) (quoting *United States v. Rosenthal*, 703 F.2d 1214, 1227 (11th Cir. 1986)).

## III. CONCLUSION

Considering the reasonably detailed superseding indictment and the government's Rule 16 discovery, Hernandez Villazon is properly informed of the charges against him with sufficient precision to adequately prepare his defense, avoid any unfair surprise at trial, and plead double jeopardy in the event of a later prosecution. The motion for bill of particulars is therefore **DENIED**.

**ORDERED** in Tampa, Florida, on September 15, 2026.



AMANDA ARNOLD SANSONE
United States Magistrate Judge